## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM HILL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CAUSE NO. 3:06-CV-033 TS |
| | ) |
| EDWARD BUSS, | ) |
| | ) |
| Respondent. | ) |

### OPINION AND ORDER

William Hill, a *pro se* prisoner, filed this habeas corpus petition challenging the Indiana State Prison Conduct Adjustment Board's (CAB) imposition of 60 days loss of good time in case ISP 05-07-0176 on July 27, 2005. The respondent has filed a response. Mr. Hill did not file a traverse and the time for doing so has long since passed.

A Report of Conduct filed on July 18, 2005, indicates that on that date a correctional officer was checking the light fixtures in Mr. Hill's cell during a shakedown. While removing the light fixture, a piece of plexiglass fell from the fixture. Two other officers filed written statements confirming these events and a photograph of the plexiglass was taken. Mr. Hill was charged with possessing a device capable of being used as a weapon.

Based upon the staff reports, the statement of the offender, evidence from witnesses, and the physical evidence, the CAB found Mr. Hill guilty of possession of a device capable of being used as a weapon. Mr. Hill exhausted his administrative remedies by appealing to the facility head and the final reviewing authority. Both of these appeals were denied.

Mr. Hill attempts to raise three grounds in this habeas corpus petition. First, Mr. Hill alleges that he was denied the opportunity to present witness testimony and evidence at the hearing. However, Mr. Hill did not raise any challenge regarding his request for a witness statement in his

institutional appeals. "[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority." *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). Having not done so, Mr. Hill's argument with regards to the denial of a witness is procedurally defaulted. "[P]rocedural default . . . precludes consideration of this theory under § 2254 unless the prisoner can show cause and prejudice." *Id.*

> [T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [his] efforts to [present his issues for administrative review].

*Murray v. Carrier,* 477 U.S. 478, 488 (1986). Here, Mr. Hill did not file a traverse and has made no effort to demonstrate cause and prejudice.

Mr. Hill also asserts that he requested, but was denied, fingerprint analysis of the weapon. However, an inmate is not constitutionally entitled to such testing as a part of a disciplinary hearing. *See Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988). As a result, no due process violation occurred during the hearing.

In his second argument, Mr. Hill contends that the statements issued by the facility head and the final reviewing authority were biased or prejudicial. While *Wolff v. McDonnell*, 418 U.S. 539 (1974), guarantees the opportunity to an impartial decision maker at the initial hearing, due process does not require an administrative appeal. Furthermore, the statements that Mr. Hill alleges are biased, "I learned that your range had a shake down shortly before you moved in your cell" and "It doesn't matter if you knew it was there" do not indicate bias, but rather provide an explanation for the decisions of the facility head and the final reviewing authority.

Finally, Mr. Hill argues that there was insufficient evidence to find him guilty of the charge of possession of a device capable of being used as a weapon on July 27, 2005. Mr. Hill argues that

he did not know that a weapon was hidden in his light fixture and that he had only been in that cell for about three months. These arguments do not establish that the evidence was not sufficient to find him guilty. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted).

Here, Mr. Hill states that a weapon was found hidden in the light fixture. This is some evidence to support the board's finding that he is guilty of possessing a weapon. *See Hill*, 472 U.S. at 456–57 (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates). "The Federal Constitution does not require evidence that logically precludes any

3

conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. The Petitioner's argument that he did not possess the tools required to access the light fixture likewise fails because "once the court has found the evidence reliable, its inquiry ends—it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.

SO ORDERED on December 19, 2006.

                                 s/ Theresa L. Springmann
                                 THERESA L. SPRINGMANN
                                 UNITED STATES DISTRICT COURT
                                 FORT WAYNE DIVISION